# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN F. CONTRERAS, | 1:08-CV-01832 JMD HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J.A. YATES, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGEMENT |
| Respondent. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Ruben F. Contreras ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, pursuant to a judgement of the Fresno County Superior Court. (Pet. at 2). Petitioner pled guilty in May 2007, of driving under the influence (Cal. Penal Code § 23152(b)) and evading arrest (Cal. Penal Code § 2800.2(a)) with sentence enhancements for having prior prison terms and strikes. Petitioner was sentenced to a total prison term of fourteen years. (Pet. at 2; Answer at 1).

Petitioner did not pursue a direct appeal of his conviction. (Pet. at 3; Answer at 2). Rather, Petitioner filed a petition for wit of habeas corpus with the California Supreme Court on June 4, 2008. (Lod. Doc. 1). The petition was summarily denied on November 12, 2008. (Pet. Ex. 1).

1  On December 1, 2008, Petitioner filed the instant federal petition for writ of habeas corpus.

2  On March 17, 2009, Respondent filed a response to the petition.[1] Petitioner filed a reply to Respondent's answer on March 27, 2009.

Consent to Magistrate Judge Jurisdiction

On December 22, 2008, Petitioner consented, pursuant to Title 18 U.S.C. section 636(c)(1), to have a magistrate judge conduct all further proceedings, including the entry of final judgment. (Court Doc. 3). Respondent consented to the jurisdiction of a magistrate judge on February 19, 2009. (Court Doc. 8). On October 28, 2009, the case was reassigned to the undersigned for all further proceedings. (Court Doc. 14).

## DISCUSSION

**I.    Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. As Petitioner is currently incarcerated in Pleasant Valley State Prison[2] Petitioner's custody arose from a conviction in the Fresno County Superior Court, the Court has jurisdiction over and is the proper venue for Petitioner's application for writ of habeas corpus. *See* 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction for an application for writ of habeas corpus to the district court where the petitioner "is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" if the State "contains two or more Federal judicial districts"); *see also* 28 U.S.C. § 84(b) (stating that the Eastern District of California is composed of several counties, including Fresno County).

\\\
\\\

---

[1] Respondent admits that Petitioner has exhausted his state remedies and does not allege that the petition is untimely. (*See* Answer at 2).

[2] Pleasant Valley State Prison is located in Coalinga, California, which is in Fresno County.

**II.     ADEPA Standard of Review**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed in 2008 and is consequently governed by the provisions of the AEDPA, which became effective April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

As Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment, 28 U.S.C. § 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that, "[s]ection 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction'").

Since Petitioner filed his petition after the effective date of AEDPA, his petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*.

\\\

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). Furthermore, AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards requires a federal habeas court to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Here, the only state court to have adjudicated Petitioner's claims was the California Supreme Court. (Lod. Doc. 2). Thus, the Court looks to see if that decision was contrary to or an unreasonable application of clearly established federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803

(1991) (finding that federal habeas court looks through ambiguous or unexplained decisions to the last reasoned decision by a state court); *Bailey v. Rae*, 339 F.3d 1107, 1112-111 3 (9th Cir. 2003) (noting that a federal habeas court looks to the last reasoned State court decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law). Furthermore, the Court notes that the California Supreme Court summarily denied Petitioner's claims. As a result of the unexplained rejection, this Court conducts an independent review of the record to decide whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

### III.    Review of Petitioner's Claim

The instant petition for writ of habeas corpus contains two grounds for relief. First, Petitioner contends that trial counsel was ineffective by failing to object to the imposition of a consecutive sentence enhancement. Second, Petitioner contends that his right to due process of the law was violated by the trial court's failure to adhere to the plea agreement entered into by Petitioner and the state.

#### *A.    Ground One: Ineffective Assistance of Counsel*

Petitioner contends that his rights under the Sixth Amendment were violated by trial counsel's defective performance–specifically, Petitioner argues that counsel's failure to object at sentencing was deficient. Petitioner contends that counsel had advised Petitioner that if he entered a plea of guilty, the maximum sentence Petitioner could have received was nine years and four months with any sentence enhancements running concurrently to that sentence.[3] At the sentencing hearing, Petitioner did in fact receive a total sentence of nine years and four months for pleading guilty to count one and count three. (RT, Vol. VI, at 260). However, the trial court also imposed a consecutive five year and eight month terms for a stayed sentence stemming from Petitioner's conviction in 2005. (RT, Vol. VI, at 260-261). Petitioner argues that counsel should have objected

---

[3]The Court notes that Petitioner does not contend that counsel should have advised Petitioner that his previous eight year sentence would have been reimposed by his guilty plea. Such a claim would be unpersuasive as the trial court advised Petitioner of such a consequence. (RT, Vol. V, at 201-202). The trial court also stated that it would impose the maximum possible sentence under the law, which could end up being eleven, thirteen, or fourteen years. Therefore, Petitioner cannot claim that he was prejudiced by counsel's failure to advise him as the trial court had advised him of the possible consequences.

to the imposition of the five year and eight month additional sentence Petitioner received.  (Pet. at 3a-3b).

Generally, ineffective assistance of  counsel claims are analyzed under the "unreasonable application" prong of 28 U.S.C. § 2254(d). *Weighall v. Middle*, 215 F.3d 1058, 1061-1062 (9th Cir. 2000).  For the purposes of habeas cases governed by 28 U.S.C. § 2254(d), the law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998).  An allegation of ineffective assistance of counsel requires that a petitioner establish two elements–(1) counsel' s performance was deficient and (2) petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687(1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).   Under the first element, Petitioner must establish that counsel's representation fell below an objective standard of reasonableness, specifically identifying alleged acts or omissions which did not fall within reasonable professional judgment considering the circumstances. *Strickland*, 466 U.S. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential and there exists a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Secondly, Petitioner must show that counsel's errors were so egregious that Petitioner was deprived of the right to a fair trial, namely a trial whose result is reliable. *Strickland*, 466 U.S. at 687.   To prevail on the second element, Petitioner bears the burden of establishing that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 694).  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the Petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.  Since prejudice is a prerequisite to a successful claim of ineffective assistance of counsel, a finding that the claimed deficiency was not sufficiently prejudicial to Petitioner's case is fatal to an ineffective assistance of counsel claim. *Id*.

\\\

Here, Petitioner's claim is unavailing as Petitioner cannot prove that counsel's performance was prejudicial. Petitioner claims he suffered prejudice since the reason he pled guilty was the "specific benefits advised and explained to him by defense attorney–a sentence imposition of no more than nine years four months where any other possibly additional term will be imposed to run concurrently with the instant case." (Pet. at 3d). However, such an argument is disingenuous as the trial court had previously advised Petitioner prior to his change in plea that the previously stayed sentence could be added consecutively to his primary sentence. (RT, Vol. V, at 201-202). Additionally, the trial judge in the 2004 case had repeatedly warned Petitioner that any further infraction related to driving, much less driving under the influence, would resulted in the reimposition of his eight year stayed term. (RT, Vol. IV, at 168). The trial judge in 2004 even warned Petitioner that he would have to serve a minimum of eighty-five percent of that eight year term if he committed another offense. Furthermore, Petitioner fails to demonstrate that an objection by counsel would have resulted in the trial court's decision to impose the previously stayed term concurrently. Such a showing would have been difficult considering the trial court's express intent to sentence Petitioner to the maximum sentence under the law. (RT, Vol. V, at 202). Petitioner has not proven that an objection would have swayed that judge into imposing a concurrent sentence.

### B.    Ground Two: Violation of Due Process Stemming From Plea Agreement

Petitioner's next claims that the trial court violated his right to due process of the law by failing to enforce the plea agreement and sentencing him to a total term beyond the nine years and four months

A criminal defendant's right to due process of the law entitles him/her to enforcement of the terms of a plea agreement. *Santobello v. New York.*, 404 U.S. 257, 261-262 (1971); *Ricketts v. Adamson*, 483 U.S. 1, 20-21 (1987) (stating that "[t]he determination of [defendant's] rights and responsibilities under the plea agreement is controlled by the principles of fundamental fairness imposed by the Due Process Clause"); *United States v. Allen*, 434 F.3d 1166, 1174 (9th Cir.2006) (quoting *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir.2000) and citing *INS v. St. Cyr*, 533 U.S. 289, 321-322 (2001), for the proposition that "[b]ecause the defendant in a plea agreement relinquishes his constitutional right to a trial [citation] 'the integrity of our judicial system requires

1  that the government strictly comply with its obligations under a plea agreement'"). Additionally,
2  "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it
3  can be said to be a part of the inducement or consideration, such promise must be fulfilled."
4  *Santobello*, 404 U.S. at 262; *see also United Stated v. Hallam*, 472 F.2d 168, 169 (9th Cir. 1973).
5  Where a promise on which a plea rests is violated, the remedy is either specific performance of the
6  plea agreement or the opportunity to withdraw the plea. *Santobello*, 404 U.S. at 262-263. The
7  *Santobello* court further found that the choice of appropriate remedy should be left to the discretion
8  of the state court as a state court is in a better position to determine if the circumstances of the case
9  require specific performance or allowing the defendant to withdraw his plea.

10      Furthermore, it is clearly established federal law that the construction and interpretation of
11 state court plea agreements, and their resulting contractual obligations, are generally matters of state
12 law. *Buckley v. Terhune*, 441 F.3d 688, 694-695 (9th Cir. 2006)(citing *Ricketts*, 483 U.S. at 6 n. 3).
13 "Plea agreements are contractual in nature and are measured by contract law standards." *Brown v.*
14 *Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003)(quoting *United States v. De La Fuente*, 8 F.3d 1333,
15 1337 (9th Cir. 1993)). In California, a court must first look to the plain meaning of the agreement's
16 language. *Buckley*, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). Where the language is
17 ambiguous, the terms "must be interpreted in the sense in which the promisor believed, at the time of
18 making it, that the promisee understood it." Cal. Civ. Code § 1649. "The inquiry considers not the
19 subjective belief of the promisor but, rather, the 'objectively reasonable' expectation of the
20 promisee." *Buckley*, 441 F.3d at 695 (quoting *Bank of the West v. Superior Court*, 2 Cal.4th 1254,
21 1265 (Cal. 1992)).

22      Here, Petitioner's claim is refuted by the record of the hearing in which Petitioner changed
23 his pleas. The following exchange between Petitioner, trial counsel, and the trial court occurred at
24 that time:

25      [COUNSEL]: Yes. Count 1 is the felony DUI. Count 3 is the felony evading arrest.
        And he's also going to be admitting the two prison priors alleged, and he's also
26      admitting to serious prior felonies, which are commonly referred to as strikes, the
        court has indicated, which, of course, means it's a conditional plea. If the court
27      changes his mind later he can withdraw his plea. The exposure on this case is nine
        years, four months, if everything was aggravated, to run consecutive. *We do have an*
28      *eight-year stayed term. There may be some question how that can run, according to*

> *this, but I have advised him that it could add consecutive and could add up to three or four years, potentially, but you have a slightly different view of that.*
>
> *THE COURT: [Petitioner], I'll tell you this: That if I do strike your strike according to this plea agreement, in all likelihood, I'm going to give you the maximum sentence that I can by law once that strike is stricken, so I want to make sure that you fully understand that. And whether that ends up beign 11 years or 13 years or 14 years, I just want to make sure you understand that that's what you're entering into. It adds four years. Do you understand?*
>
> [PETITIONER]: Yes, Your Honor.

(RT, Vol. V, 201-202).

As evidenced by the record, Petitioner's claim that he understood his plea agreement to carry a maximum term of nine years and four months is false. Both the trial court and counsel advised Petitioner that even with the plea agreement his maximum sentence would exceed the nine years and four months because of the prior stayed sentence. Consequently, Petitioner's claim must be denied on the merits.

## IV.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

\\\

\\\

\\\

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   November 17, 2009**          /s/ John M. Dixon
                                       UNITED STATES MAGISTRATE JUDGE